The opinion of the Court was delivered by
Wardlaw, J.
The assent of the executor to a legacy, essential to the legatee’s right at law, may be given before probate and is usually a fact for the jury; but a will of personalty must be proved in the Ordinary’s Court, before a Court of common law can know that there is such.a will, is, or ever was, any legatee or executors under it. Here neither Orlando S. Rees, nominated executor, nor his sister Maria P. Mayrant, nominated executrix, ever took probate, but the will was proved by some *118 witness, and filed in the ordinary’s office ; although no grant of administration was made. Orlando S. Rees, and John Mayrant, husband of Maria P., treating the supposed will as a nullity, made distribution of the estate of the decedent, Mrs. Mary Rees, and Orlando S. Rees, took the slave Clarissa, that had been bequeathed to the plaintiff Mrs. Adams, then the infant daughter of John Mayrant, in payment of a debt owing from John Mayrant to himself, and converted that slave to his own use. If the will was proved and the legacy was to Orlando S. Rees, executor, this conduct would have shown his assent to his own legacy; but it is rather an express dissent than an assent by him to the legacy bequeathed to his niece.
A conversion of the testator’s goods to an executor’s own use might have been rightful before the Acts of our Legislature which require that an order from the ordinary shall sanction a sale by an executor. 1 Wms. on Exors. 513; 1 Saund. 307. Even under our Acts goods bequeathed may be retained by an executor until his assent has been given to the legatee, or until a decree in Equity has been rendered against him; and before such decree, he may in the absence of special circumstances, require an accounting into which he may bring all the debts of the testator, whether to himself or other persons, and all his rightful advances and expenditures. Conversion by him may show a breach of trust or devastavit, and his withholding a legacy from a legatee, after his acknowledgment, express or implied, that such course is no longer needed for his protection, may be the ground for a decree in equity compelling his assent or his delivery of the legacy.' But a'Court of law is' incompetent to investigate the grounds upon which an executor withholds a legacy or his asspnt to it; for such Court cannot take the accounting under which his conduct might be justified, and if it should deem an acknowledgment that all debts have been paid, to be, of itself, equivalent to an assent, and upon that sustain a legatee’s action, it might take from an executor the very means in view of which the acknowledgment was made.
*119 The plaintiffs may procure administration cum testamento annexo, or take such other course as they may be advised to take. They cannot sustain this action, and would derive no benefit from an order for new trial, Therefore a nonsuit is ordered.
Withers, Whitner and Münro, JJ., concurred.

Motion granted.